UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:12-CV-741-JDM

MARK S. McMASTER                                                          PLAINTIFF

V.

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY                                    DEFENDANT

## MEMORANDUM OPINION

The plaintiff, Mark S. McMaster, filed this action pursuant to 42 U.S.C. §405(g), seeking judicial review of an administrative decision of the Commissioner of Social Security, who denied his applications for disability insurance and supplemental security income benefits.

Mr. McMaster asserts that the administrative law judge's findings were not supported by substantial evidence and must be overturned. After reviewing the parties' fact and law summaries and the administrative record, the court finds that Mr. McMaster's arguments are not persuasive. The court will therefore affirm the decision of the Commissioner of Social Security.

I.

Mr. McMaster applied for disability insurance benefits in June 2008 and supplemental security income benefits in October 2009, alleging that he became disabled in December 2004 due to heart disease, back problems, diabetes, and diabetic neuropathy.[1] After his applications were denied initially and on reconsideration, Mr. McMaster filed a request for a hearing before

---

[1] Administrative Record ("R.") at 49-52, 62, 554-559.

1

an administrative law judge ("ALJ").  The ALJ conducted a hearing in June 2010, and then shortly thereafter issued a decision unfavorable to Mr. McMaster.[2]

In his opinion, the ALJ he determined that Mr. McMaster suffered from the severe impairments of "degenerative disc disease of the lumbar spine; status post non ST elevation myocardial infarction; coronary artery disease, status post coronary artery bypass graft (CABG) x 3; obesity; and diabetes mellitus," but that none of those impairments met or equaled in severity a Listed Impairment, and that he retained the residual functional capacity to perform light work, with certain limitations.[3]

Based on the testimony provided by the vocational expert present for Mr. McMaster's hearing, the ALJ then determined that, given the extent of his residual functional capacity, Mr. McMaster cannot perform his past relevant work, but can perform other jobs that exist within the national and local economies.[4]  Accordingly, the ALJ concluded that Mr. McMaster is not disabled within the meaning of the applicable laws and regulations.

Mr. McMaster timely appealed the ALJ's decision to the Appeals Council, which affirmed the decision of the ALJ.  He then timely appealed to this court

## II.

In reaching a determination regarding a claimant's disability, an ALJ is required to perform a five-step sequential evaluation process. If the ALJ is able to find that a claimant either is or is not disabled at a particular step, he must not go on to the next step.  The five steps are as follows:

> (1) At the first step, the ALJ consider the claimant's work activity, if any. If the claimant is engaged in substantial gainful activity, he is not disabled.

---

[2] R. at 14-25, 563-585.
[3] R. at 19-20.
[4] R. at 23-24, 579-84.

(2) At the second step, the ALJ consider the medical severity of the claimant's impairments. If there exists no severe medically determinable physical or mental impairment (or combination of impairments) that meets the duration requirement, the claimant is not disabled.

(3) At the third step, the ALJ also considers the medical severity of the claimant's impairments. If the claimant has an impairment that meets or equals one listed in 20 C.F.R. Pt. 404, Subpt. P, App 1, and meets the duration requirement, the ALJ must find that the claimant is disabled and no further evaluation is necessary.

Before the ALJ goes from step three to step four, he must assess the claimant's residual functional capacity, which the ALJ then must use at both step four and step five when evaluating the claimant's alleged disability.

(4) At the fourth step, the ALJ must consider his assessment of the claimant's residual functional capacity and his past relevant work. If the claimant can still do his past relevant work, the ALJ must find that he is not disabled.

(5) At the fifth and last step, the ALJ must consider his assessment of the claimant's residual functional capacity and his age, education, and work experience to see if the claimant can make an adjustment to other work. A claimant who can make an adjustment to other work is not disabled, but one who cannot is disabled.

*See* 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4).

In this appeal, Mr. McMaster asserts that the ALJ's decision is not supported by substantial evidence. He argues that the ALJ's assessment of his residual functional capacity was in error, and that error led to subsequent errors premised on the ALJ's assessment of his residual functional capacity, including the ALJ's conclusion that he was not disabled.

Mr. McMaster specifically argues that the ALJ erred by relying on an incomplete and inaccurate analysis of the medical evidence when discounting his credibility regarding the extent of his pain, and that the ALJ erred by not incorporating a limitation due to his claudication.

**III.**

This court must affirm the conclusions of the Commissioner of Social Security unless the administrative law judge failed to apply the correct legal standards or made findings of fact

3

unsupported by substantial evidence in the record. 42 U.S.C. §405(g). "Substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and the reviewing court must affirm if substantial evidence exists, even if it would have reached a different conclusion. *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008)(citing *Richardson v. Perales,* 402 U.S. 389, 401 (1971)). That being said, the concept of "substantial evidence" cannot be satisfied by a highly selective reading of the administrative record, it must be supported by the record "taken as a whole." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Id*. at 388 (internal quotes and citations omitted).

**A. Whether the ALJ Erred in His Evaluation of Mr. McMaster's Credibility**

Mr. McMaster argues that the ALJ erred by finding that his testimony concerning his functional limitations was not credible. The court must accord great weight and deference to an ALJ's credibility finding if it is supported by substantial evidence. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). The question for this court, then, is whether substantial evidence supports the ALJ's decision to deem Mr. McMaster's subjective complaints not fully credible.

In his opinion, the ALJ reviewed and discussed several pieces of medical evidence regarding Mr. McMaster's alleged pain and limitations on his ability to stand and walk, many of which individually, and all of which in combination, provide substantial evidence that Mr. McMaster's limitations are not as severe as he alleges.[5] As the ALJ correctly noted, Mr. McMaster responded relatively well to the treatments for his various impairments, does not

---
[5] *See generally* R. at 21-23.

require pain medication, and his statements recorded in the treatment records often directly contradict Mr. McMaster's allegations about his ability to stand and walk.[6]

In addition, the record contains no recommendation from any treating or examining physician that Mr. McMaster's activities currently be limited or restricted due to any of his conditions,[7] which supports the ALJ's conclusions. *See Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 596 (6th Cir. 2005)(noting that the lack of physical restrictions by a physician constitutes substantial evidence that the claimant is not disabled). In 2006 a registered nurse recorded in Mr. McMaster's treatment recommended that Mr. McMaster be limited to light activities for a few days due to his back pain, but registered nurses are not acceptable medical sources whose opinions must be evaluated, *see* 20 CFR §§ 404.1513, 404.1527, 416.913, 416.927, and, regardless, she only assessed limitation for a discrete, modest amount of time.[8]

The court therefore concludes that the ALJ reasonably discounted Mr. McMaster's testimony concerning the severity of the limitations imposed by his impairments because his testimony was not supported by, and often inconsistent with, the medical evidence in the record. *See* 20 CFR §§ 404.1529(a), 416.929(a).

### B. Whether the ALJ Improperly Failed to Consider the Effect of Mr. McMaster's Diagnosed Claudication on his Residual Functional Capacity

Mr. McMaster also asserts that the ALJ erred by failing to include in is residual functional capacity assessment a sit/stand option and limitations on his ability to walk. According to Mr. McMaster, this error was the result of the ALJ's failure to consider evidence pertaining to Mr. McMaster's claudication.[9]

---

[6] *Id.*
[7] *See generally* R. at 86-553.
[8] R. at 161.
[9] Claudication is pain caused by too little blood flow during exercise. *See* http://www.mayoclinic.org/diseases-conditions/claudication/basics/definition/con-20033581.

In 2008 Mr. McMaster was examined and evaluated by Dr. John Guarnaschelli, a neurosurgeon.[10] Dr. Guarnaschelli diagnosed claudication, but recommended only conservative treatment and symptom management.[11] The ALJ did not specifically cite to this treatment record in his opinion, but he did cite to contemporaneous records that refer to and were created as a result of Dr. Guarnaschelli's evaluation.[12] Those records document that Mr. McMaster reported some numbness, but no pain, and that following Dr. Guarnaschelli's diagnosis he reported improvement with physical therapy. The ALJ reviewed and evaluated all of this when he determined Mr. McMaster's residual functional capacity. Accordingly, Mr. McMaster's argument that the ALJ failed to deal with the specific claudication findings is not persuasive.

## IV.

For the foregoing reasons, the court concludes that the ALJ's evaluation and assessment of Mr. McMaster's residual functional capacity, and his related determinations that led to his conclusion that Mr. McMaster is not entitled to disability or supplemental security income benefits, are supported by substantial evidence and cannot be set aside under 42 U.S.C. § 405(g). The court will therefore enter an order affirming the decision of the Commissioner of Social Security.

DATE:

cc: counsel of record

---

[10] R. at 161.
[11] *Id.*
[12] R. at 21-22.